QUESTION: Would the Resign-To-Run Law, s. 99.012(2), F.S., apply to city commissioners in office at the time a city charter is amended to change the office of mayor from an appointive to an elective office and who, thereafter, sought to qualify for the office of mayor?
SUMMARY: A city commissioner who wishes to qualify as a candidate for the elective city office of mayor must, if the term of his present office would run concurrently with any part of the term of the office for which he seeks to qualify, resign to run. Section99.012(2), F.S., provides, in pertinent part: No individual may qualify as a candidate for public office who holds another elective or appointive office, whether state, county, or municipal, the term of which or any part thereof runs concurrently with the term of office for which he seeks to qualify without resigning from such office not less than ten days prior to the first day of qualifying for the office he intends to seek. . . . (Emphasis supplied.) It is clear from the foregoing that the Resign-To-Run Law is applicable to a city commissioner who seeks to qualify as a candidate for the elective office of mayor. Also see AGO 070-118. However, as shown by the language italicized above, s. 99.012(2) only requires resignation when an individual's present term would run concurrently with or overlap the term of the office for which he seeks to qualify. Thus, when a city commissioner's present term would expire prior to or simultaneously with the time he would assume the office of mayor, if elected, he would not be required to resign to run.